UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREDERICK DIAZ, 86-B-2129,

                Plaintiff,

      v.

GLENN S. GOORD, et al.,

                Defendants.
_____

REPORT & RECOMMENDATION

04-CV-6094CJS

        Plaintiff Frederick Diaz has filed a *pro se* complaint in this matter pursuant to 42 U.S.C. § 1983, alleging that while he was incarcerated at the Attica Correctional Facility, the defendants violated his Eighth Amendment rights by subjecting him to excessive force, by failing to intervene and by failing to investigate and address his grievances. (Docket ## 1, 27). Shortly after Diaz filed the complaint, he was transferred to the Sullivan Correctional Facility. Currently before this Court is Diaz's motion for leave to file a supplemental complaint so that he may add numerous defendants and additional claims. (Docket # 24). In his proposed supplemental complaint, Diaz alleges that certain defendants at the Sullivan Correctional Facility violated his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985 by conspiring to retaliate and retaliating against him for initiating the pending lawsuit.[1] (Docket # 24). Defendants oppose Diaz's motion, arguing that the proposed supplemental claims should more properly be filed as a

---

[1] In his motion as originally drafted, Diaz's proposed supplemental complaint indicated only that the proposed defendants had violated 42 U.S.C. § 1983. (Docket # 24 at ¶ 2). Diaz thereafter requested that the second paragraph of the proposed supplemental complaint be amended to include the language "and 42 U.S.C. § 1985(3)."

separate action in the Southern District of New York – the district in which the Sullivan Correctional Facility is located. (Docket # 23).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Similarly, Rule 15(d) permits the court, upon motion of a party, to allow the filing of a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Supplemental relief "may include the addition of new defendants and new claims, if adequately related to the originally stated claims." *McLean v. Scully*, 1991 WL 274327, *1 (S.D.N.Y. 1991). *See Carter v. Atruz*, 1998 WL 782022, *2 (S.D.N.Y. 1998) (purpose of Rule 15(a) is to permit assertion of matters that were "either overlooked or unknown" at time of original pleading; purpose of Rule 15(d) is to enable a party to set forth in a supplemental pleading events that "happened since the date of original pleading").

If the supplemental claim is filed before the applicable statute of limitations has run, as in this case, the standard of review for both Rule 15(a) and Rule 15(d) is the same. *See Gittens v. Sullivan*, 670 F. Supp. 119, 123-24 (S.D.N.Y. 1987) ("The standard for the exercise of discretion on a motion to supplement the pleading is the same as that for disposition of a motion to amend"), *aff'd* 848 F.2d 389 (2d Cir. 1988). Thus, under either rule, if the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief,

the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15, "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss. *See Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (citing *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 160 F. Supp. 2d 657, 666 (S.D.N.Y. 2001)). Thus, the court "must view the claim in the light most favorable to the moving party and determine whether there is a colorable claim for relief." *Santiago v. Steinhart*, 1993 WL 410402, *2 (S.D.N.Y. 1993).

In addition, in considering whether to permit the inclusion of additional parties, Rule 20(a) of the Federal Rules of Civil Procedure provides:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See*, *e.g.*, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton County Nat. Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

In the case at bar, Diaz's original complaint alleges that defendants at the Attica Correctional Facility subjected him to excessive force and failed to protect him. (Docket # 1). Through the pending motion, Diaz seeks to supplement his complaint to include claims arising at

a different correctional facility that Diaz contends were committed in retaliation for the exercise of his First Amendment rights, including the filing of his original complaint.[2] (Docket # 24).

As stated above, the purpose of a supplemental complaint is to allow the inclusion of new defendants and new claims arising since the date of the original pleading, if the new claims are "adequately related to the original claims." *McLean v. Scully*, 1991 WL 274327 at *1. Here, the original complaint arises principally from an alleged incident in which Diaz was subjected to excessive force by defendants at the Attica Correctional Facility, while the proposed supplemental claims allege a pattern of retaliatory conduct by different defendants at the Sullivan Correctional Facility. (Docket ## 1, 24). None of the defendants named in the original complaint (from the Attica facility) are alleged to have participated in the retaliatory conduct at the Sullivan facility, and indeed there is no overlap between the defendants named in the original complaint and those he seeks to add in the supplemental complaint.[3]

In fact, the only connection between the original complaint and the proposed supplemental complaint is Diaz's conclusory allegation that the events giving rise to the supplemental claims were undertaken in part in retaliation for his initiation of this lawsuit. Although it is undisputed that prisoners have a constitutional right of access to the courts and that it is unlawful for prison officials to retaliate against an inmate for exercising that right, *see Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (finding plaintiff's complaint of retaliation for

---

[2] The proposed supplemental complaint alleges that the defendants identified therein retaliated against him for a host of reasons, one of which was this pending lawsuit. The others include Diaz's filing of complaints and grievances concerning his treatment at Sullivan and his participation in a hunger strike. (Docket # 24-2, ¶ 24).

[3] Commissioner Goord, who is a defendant in the original complaint, is named in the caption of the proposed supplemental complaint. His inclusion appears to be an error considering that he is not named in the body of the fifty-page supplemental complaint, nor in the accompanying motion for leave to file it. (Docket # 24).

seeking relief in the courts sufficient to allege claim under Section 1983), the original and proposed supplemental claims raised by Diaz are simply not related in such a way that they should be tried within the same suit. Despite Diaz's detailed description of events occurring at the Sullivan Correctional Facility, he does not allege in more than conclusory fashion any connection between the defendants or the events at the two different facilities. *See Davis v. State of New York*, 1999 WL 1390247, *5 (W.D.N.Y. 1999) (denying motion to supplement complaint because "[p]laintiff's conclusory allegations concerning the conduct of the defendants are not sufficient to show a retaliatory motive"); *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993) (denying motion to supplement complaint to include claims occurring at subsequent correctional facility; "[a]lthough the proposed supplemental complaint contains allegations of retaliation, he fails to connect these actions with the named defendants [in the original complaint]"), *aff'd*, 48 F.3d 81 (2d Cir. 1995); *see also Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone").

Accordingly, it is my recommendation that Diaz's motion for leave to file a supplemental complaint be denied. If Diaz wishes to file claims relating to the alleged constitutional violations committed at the Sullivan Correctional Facility, he may do so by filing a separate complaint with the United States District Court for the Southern District of New York, the district in which the Sullivan Correctional Facility is located.[4]

---

[4] Finding that Diaz's proposed supplemental claims are not sufficiently related to those raised in the original Complaint, I agree with the defendants' assertion that the proposed claims are not properly venued in the Western District of New York.

**CONCLUSION**

For the foregoing reasons, it is the recommendation of this Court that Diaz's motion for leave to file a supplemental complaint **(Docket # 24)** be **DENIED**.

                                                      *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                                     United States Magistrate Judge

Dated: Rochester, New York
       September 20 , 2006

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                       United States Magistrate Judge

Dated: Rochester, New York
       September   20  , 2006