UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FREDERICK DIAZ,

                          Plaintiff,

                                                              DECISION and ORDER

-vs-

                                                              04-CV-6094-CJS(MWP)

COMMISSIONER GLEN S. GOORD, et al.,

                          Defendants.
_____

       This case was referred to U.S. Magistrate Judge Payson pursuant to 28 U.S.C. § 636(b)(A) and (B), on January 4, 2004. Before the Court is plaintiff's motion for leave to file a supplemental complaint so that he may add numerous defendants and additional claims. (Docket # 24). On September 20, 2006, Judge Payson filed a Report and Recommendation (# 53) recommending that the Court deny defendant's motion to supplement his complaint. Defendant filed objections to the Report and Recommendation on October 2, 2006.

       Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report, and after reviewing the submissions of the parties, the Court accepts the proposed findings and recommendation. Plaintiff's original complaint arises principally from an alleged incident in which he claims he was subjected to excessive force by defendants at the Attica Correctional Facility ("Attica"), while the proposed supplemental claims allege a pattern of retaliatory conduct by different defendants at the

Sullivan Correctional Facility ("Sullivan"). In his objections, plaintiff states that,

> my retaliation at Sullivan was directly due to the conduct of the Attica defendants conspiring with the proposed Sullivan defendants. Had there been no communication between the two facilities, my history at Attica would not have been used against me, to my utter detriment, throughout my entire time at Sullivan. There can be no other conclusion which can be drawn from the facts.

(Objections (# 57), at 2.) Judge Payson determined that,

> [n]one of the defendants named in the original complaint (from the Attica facility) are alleged to have participated in the retaliatory conduct at the Sullivan facility, and indeed there is no overlap between the defendants named in the original complaint and those he seeks to add in the supplemental complaint.

(Report and Recommendation at 5 (footnote omitted).) Since the only connection between the two sets of claims is plaintiff's allegation of retaliation, the Court must look to *Flaherty v. Coughlin*, 713 F.2d 10 (2d Cir. 1983). In *Flaherty*, the Second Circuit set out a standard for use in determining whether to permit a pleaded retaliation claim to proceed to the discovery stage:

> [A] retaliation claim supported by specific and detailed factual allegations which amount to a persuasive case ought usually be pursued with full discovery. However, a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone. In such a case, the prisoner has no factual basis for the claim other than an adverse administrative decision and the costs of discovery should not be imposed on defendants. A third category of allegations also exists, namely a complaint which alleges facts giving rise to a colorable suspicion of retaliation. Such a claim will support at least documentary discovery.

*Flaherty*, 713 F.2d at 13. The Court agrees with Magistrate Judge Payson's determination, that plaintiff's pleading with respect to a connection between the acts at Attica and the acts at Sullivan, is conclusory. He sets forth detailed events that occurred at each correctional facility and concludes that the only answer is a conspiracy between corrections officers at

Attica and Sullivan. The Court finds that the detailed facts do not support this conclusion, or give rise "to a colorable suspicion of retaliation." *Flaherty*, 713 F.2d at 13. As Judge Payson pointed out in her Report and Recommendation,

> [i]f Diaz wishes to file claims relating to the alleged constitutional violations committed at the Sullivan Correctional Facility, he may do so by filing a separate complaint with the United States District Court for the Southern District of New York, the district in which the Sullivan Correctional Facility is located.

(Report and Recommendation at 6.) Accordingly, for the reasons set forth in Magistrate Judge Payson's Report and Recommendation (# 53), plaintiff's motion (# 24) to file a supplemental complaint is denied.

IT IS SO ORDERED.

DATED:   November 16, 2006
         Rochester, New York

                         ENTER.


                         /s/ Charles J. Siragusa
                         CHARLES J. SIRAGUSA
                         United States District Court