UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FREDERICK DIAZ,

                Plaintiff,

        v.

GLENN S. GOORD, et al.,

                Defendants.

<u>DECISION & ORDER</u>

04-CV-6094CJS

Plaintiff Frederick Diaz has filed a *pro se* complaint in this matter pursuant to 42 U.S.C. § 1983 alleging that defendants violated his Eighth Amendment rights while he was incarcerated at the Attica Correctional Facility. Plaintiff alleges that during his incarceration there, he was subjected to excessive force and retaliation because of his participation in the Inmate Liaison Committee ("ILC") and his filing of grievances. (Docket ## 1, 2, 27). Currently before this Court is plaintiff's motion to compel defendants to produce certain requested documents and to provide additional responses to various interrogatories and requests for admission. (Docket # 69).

**<u>DISCUSSION</u>**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). *See Daval Steel Prods. v.*

*M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991).  Moreover, the "discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long 'accorded a broad and liberal treatment to effectuate their purpose that civil trials in federal courts [need not] be carried on in the dark.'"  *In re Subpoena Issued to Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) (*Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964)).

Under Federal Rule 37, "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure of discovery."  Fed. R. Civ. P. 37(a).  If, however, the party from whom discovery is sought believes the requested material is irrelevant, unduly burdensome or oppressive, it may object to such request and seek a protective order pursuant to Rule 26(c).

Throughout this litigation, plaintiff has served upon defendants numerous document demands, requests for admissions and interrogatories.  With the exception of plaintiff's third sets of interrogatories, defendants have responded to plaintiff's requests and have provided numerous documents.  (*See* Docket ## 42-43, 46-52, 54-56, 58-64, 66-67).  Plaintiff now moves to compel the production of additional documents and the service of further responses to certain requests for admissions and interrogatories.  (Docket # 69).  For the reasons set forth below, plaintiff's motion is granted in part and denied in part.


## A.  <u>Document Requests</u>

I turn first to the document demands.  Plaintiff seeks discovery of *all* grievances, complaints and lawsuits filed against defendants Prichard, Pistner, Sekuterski and Simmons. (Docket # 69 at ¶¶ 1-5).  Defendants have objected to this request on the grounds that it is

overbroad and unduly burdensome.  (Docket # 76).  Counsel for the defendants has further

explained that the Department of Correctional Services ("DOCS") does not index grievances,

complaints and lawsuits according to the name of the corrections officer named, but does so by

the name of the complaining inmate.  (Docket # 69, Ex. A).  Accepting the representations of

counsel, I find that Diaz's request for all grievances, complaints and lawsuits – without reference

to their subject matter or the date on which they were filed – is both overbroad and unduly

burdensome.  Plaintiff's motion to compel the production of all grievances, complaints and

lawsuits filed against the defendants is therefore denied.

 Plaintiff also requests disclosure of all records in the defendants' personnel files

"pertaining to their disciplinary histories, training records, and anything which sheds light on

their characters."  (Docket # 69 at ¶¶ 1-5).  Defendants' counsel has represented that the files

have been reviewed and they do not contain records of "this incident or matters that go to truth

and veracity" of the defendants.  (Docket # 69, Ex. A).  This description does not make clear

whether the personnel files contain documents related to disciplinary action imposed on the

defendants in connection with incidents involving alleged use of force or retaliation.

Accordingly, I direct counsel for the defendants to review the personnel files for such documents

and produce to plaintiff any such documents that may exist.

 Plaintiff next moves to compel disclosure of reports prepared by the Office of the

Inspector General ("IG") relating to the cell fire that occurred in plaintiff's cell on December 31,

2001.  (Docket # 69 at ¶ 6).  Plaintiff alleges that the fire was set at the direction of defendants in

retaliation for his work on the ILC.  Defendants have produced copies of the facility's fire

reports, but have opposed disclosure of the IG's report on the grounds that it is irrelevant and

beyond the scope of discovery.  To the contrary, I find that the report is relevant to plaintiff's

claim that defendants retaliated against him by conspiring to set a fire in his cell.  I therefore

grant plaintiff's motion to compel disclosure of the IG's report relating to the December 31, 2001

cell fire.

Plaintiff also requests disclosure of any diagrams of the B-Block yard of the Attica

facility.  (Docket # 69 at ¶ 7).  Defendants have opposed this request on relevance and security

grounds.  Plaintiff's claims arise from, among other things, an alleged assault against him by

corrections officers on January 31, 2002.  This challenged use of force allegedly occurred in a

corridor inside the correctional facility, not in B-Block yard.  That notwithstanding, plaintiff

posits that defendants will argue that plaintiff's injuries resulted, not from any force used by the

defendants in the inside corridor, but from his involvement in an inmate fight in B-Block yard

that occurred earlier that same day.  For this reason, he seeks diagrams of B-Block yard in order

to demonstrate to the jury that "he was far away from the fight taking place."  (Docket # 69 at

¶ 7).  Because I believe that defendants' legitimate security concerns outweigh any possible

relevance of the diagrams requested, I deny plaintiff's motion.  Nothing prevents plaintiff from

testifying as to the distance between the two locations or from offering his own diagram at trial.

Should defendants offer contradictory evidence at trial regarding the physical layout of the yard,

plaintiff may renew his request for production of the diagrams at that time.  Accordingly, I deny

without prejudice plaintiff's motion for the production of diagrams of B-Block yard.

Plaintiff next moves for production of the number of grievances and related IG

reports concerning assaults of inmates by correctional staff at Attica during the past fifteen years.

(Docket # 69 at ¶ 8).  I find that plaintiff's request is not relevant and should be denied.  I do not

see how evidence of the number of alleged staff assaults at Attica is reasonably calculated to lead to the discovery of admissible evidence relating to the claims in this case.

Similarly, plaintiff also requests production of a report on the Attica facility prepared by the Correctional Association and the 2004 agendas of the ILC at Attica. (Docket # 69 at ¶ 9). Plaintiff maintains that these documents will show the jury that "an outside agency, as well as the ILC . . . , was concerned with the excessive number of staff abuses and assaults occurring at Attica." (Docket # 69 at ¶ 9). Even crediting plaintiff's characterization of the documents sought, such evidence is not relevant to the question whether the defendants named in this suit violated plaintiff's rights on the dates and in the manner he has alleged. Plaintiff's requests are therefore denied.

Plaintiff seeks copies of a misbehavior report and subsequent disciplinary hearing transcript relating to an alleged assault against him by another inmate (with the last name of Burns). According to plaintiff, Burns allegedly assaulted him at the behest of defendants in retaliation for his participation on the ILC. (Docket # 69 at ¶ 10). Plaintiff also requests misbehavior reports and injury reports for the two inmates alleged to have fought in B-Block yard on January 31, 2002, the date of plaintiff's alleged assault. (Docket # 69 at ¶ 11). Defendants object to these requests on the grounds that such documents are confidential and beyond the scope of discovery. (Docket # 76). I disagree. As to the reports relating to inmate Burns, defendants are directed to produce the misbehavior report, as well as any testimony at the disciplinary hearing relating to his fight with plaintiff. As to the second request, defendants are directed to produce the misbehavior reports issued to the other inmates involved in the January

31, 2002 fight.  They are not required, however, to produce the medical records of those inmates because I find that the privacy of those records outweighs their potential relevance.

Plaintiff further requests photographs of his cell taken after the fire.  I agree with plaintiff that such photographs, if they existed, would be discoverable.  Counsel for defendants has represented, however, that no such photographs exist.  (Docket # 69 at ¶ 12).  Accordingly, plaintiff's motion is denied.

The final document dispute relates to a request for production of the callout sheet for January 31, 2002 and a report regarding the "stabbing of [plaintiff's] assailant by a group of white inmates."  (Docket # 69 at ¶ 12).  As to these documents, plaintiff has not demonstrated how they are relevant to any of his claims, and his motion to compel is therefore denied without prejudice to renewal upon a showing of relevance.

**B.  Interrogatories and Requests for Admission**

Plaintiff challenges the sufficiency of numerous responses by defendants to interrogatories and requests for admission served upon them.  (Docket # 69).  I have reviewed each of the challenged responses and find the responses to be adequate, other than as indicated herein:  (1) defendant Conway shall provide a supplemental response to Interrogatory No. 5 of the First Set of Interrogatories explaining the reasons why he did not believe that an investigation was warranted; (2) defendant Conway shall answer Requests for Admissions Nos. 14a, 15a and 16a based upon his review of the letters identified in these requests[1] and No. 23a, which does not

---

[1]  Plaintiff represents that defendants have a copy of the letter identified in the request and that it was produced as an exhibit to defendants' response to plaintiff's first request for production of documents.  (*See* Docket # 69).

appear to reflect his answer, but appears to reflect an answer suggested by counsel; (3) defendant Simmons shall provide a supplemental response to Interrogatory No. 3 of the Second Set of Interrogatories explaining whether he recalls the evidence supporting the administrative segregation report and, if so, describing it; (4) defendant Simmons shall answer Request for Admission No. 1c based upon a review of the records, if any, of his investigation of plaintiff's lost property claim and answer the request based upon such review[2]; and (5) defendant Sekuterski shall provide a supplemental response to Interrogatory No. 9 of the Second Set of Interrogatories explaining whether he observed any injuries to inmates Santiago or Rivera and, if so, what injuries he observed.

Finally, plaintiff challenges the refusal of defendants James, Sekuterski and Simmons to answer third sets of interrogatories served upon them by plaintiff.  Defendants object to the requests as cumulative.  (*See* Docket # 76 at ¶ 11).  I am unable to decide this issue because the interrogatories have not been submitted to the Court for review.  Should plaintiff desire to pursue these interrogatories, he shall file a new motion to compel, accompanied by the proposed interrogatories and an explanation of their relevance to his claims.  Accordingly, plaintiff's request to compel responses to the third sets of interrogatories served on defendants James, Sekuterski and Simmons is denied without prejudice.

---

[2] Rule 36 of the Federal Rules of Civil Procedure provides, "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."  Fed. R. Civ. P. 36(a).

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion to compel **(Docket # 69)** is

**GRANTED in Part and DENIED in Part**.


 _s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September _25_, 2007