UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREDERICK DIAZ,

vs.

DECISION AND ORDER
04-CV-6094 CJS

COMMISSIONER GLEN S. GOORD, et al

_____

**Siragusa, J.** In correspondence to Plaintiff dated July 14, 2006, the Court addressed Plaintiff's letters dated May 30, 2006 and July 5, 2006, concerning the Court's Decision and Order docketed on March 21, 2006 (Docket No. 27), which granted in part, Defendants' motion to dismiss (Docket No. 5). In that Decision and Order, the Court dismissed Plaintiff's First Amendment claim (second cause of action), which concerned the confiscation of his atheist pendant upon his admittance to the Special Housing Unit ("SHU") as well as the subsequent failure to return it to him upon his release from SHU. (Compl. at 8-11.) The Court reasoned that Plaintiff had failed to allege that he would be unable to practice atheism effectively without the benefit of his atheist pendant. *See Kaufman v. McCaughtry*, 419 F.3d 678 (7th Cir. 2005) (granting summary judgment to defendants because Kaufman failed to prove he could not practice atheism without creating an atheist study group). In May and July 2006 letters, Plaintiff asked the Court to reconsider the validity of the second cause of action on the basis of a due process claim. The Court responded that it had not considered the second cause of action under a due process analysis, and subsequently and issued an Order, docketed on July 14, 2006 (Docket No. 44), setting a briefing schedule on this alternative ground Plaintiff raised. In

accordance with that Order, Plaintiff filed a letter memorandum on July 27, 2007 (Docket No. 45). Defendants' response was due by September 6, 2006, but, to date, Defendants have not filed any opposition[1] to Plaintiff's letter memorandum. Accordingly, the Court now considers Plaintiff's letter memorandum and reconsiders its Order dismissing the second cause of action.

Plaintiff points out that he was never denied the right to wear his atheist pendant. (Docket No. 45, at 2.) When he arrived at Attica Correctional Facility from Clinton Correctional Facility, his pendant was confiscated, but subsequently returned. (*Id.*) However, once he left SHU, the pendant, which had been confiscated there, was not returned, since according to DOCS it was a potential weapon. (Compl. ¶ 67.) In his letter memorandum, Plaintiff refers to his affidavit in opposition to Defendants' motion to dismiss (Docket No. 17), in which he stated that,

> the confiscation of my Atheist pendant infringed upon my beliefs because, to me, the wearing of my pendant is a core affirmation and expression of my adherence to the tenents [sic] of science and logic, as well as to the philosophy of Materialism, in the same manner that a Christian wearing a cross expresses his faith in a divine creator; and (3) the confiscation of my pendant, after I had been allowed to wear it for four years, and after it had twice passed security concerns in the past, on the pretext of it suddenly being considered a "potential weapon," when no such security concern existed before, could not possibly have furthered some, legitimate penological interest, especially considering all of the retaliatory acts my complaint alleges.

(Docket No. 17 at 10.) The Court determined that this argument did not support a First Amendment claim, since Plaintiff never alleged that he would be unable to practice atheism effectively without the benefit of his atheist pendant. However, affording plaintiff's complaint

---

[1] Defendants did file a motion for summary judgment on the remaining claims in Plaintiff's complaint on February 9, 2007 (Docket No. 71), which is pending before the Court.

the liberal reading due pleadings filed by *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court determines that his second cause of action[2] does raise an Equal Protection and a Due Process claim.

Accordingly, the Court considers Plaintiff's letter memorandum (Docket No. 45) in response to its briefing schedule Order (Docket No. 44) as an unopposed motion to reconsider its Decision and Order (Docket No. 27) dismissing his second cause of action. Upon reconsideration, the Court construes the second cause of action in the complaint as an Equal Protection and Due Process claim, and accordingly, denies Defendants' motion (Docket No. 5) to dismiss the second cause of action. Therefore, Plaintiff's second cause of action may also go forward as an Equal Protection and Due Process claim.

IT IS SO ORDERED,

Dated: June 10, 2008
        Rochester, New York

                            ENTER.


                            /s/ Charles J. Siragusa
                            CHARLES J. SIRAGUSA
                            United States District Judge

---

[2] Despite being identified as a First Amendment claim, *pro se* petitions should be characterized according to the relief sought, and not to the label given to them by *pro se* prisoners unlearned in the law. *See Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997).