UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDERICK DIAZ,

              Plaintiff,

v.

GLENN S. GOORD, et al.,

              Defendants.

DECISION & ORDER

04-CV-6094CJS

---

On September 25, 2007, I issued a decision and order on the plaintiff's then-pending motion to compel in the above-captioned matter. (Docket # 84). Specifically, I found that plaintiff had not demonstrated the relevance of certain documents that he had requested, including: (1) a diagram of Attica Correctional Facility's B-Block yard; (2) a call-out sheet; and, (3) a report by Sergeant Wilson regarding the alleged stabbing of an inmate who had earlier assaulted the plaintiff. (*Id*. at 4, 6). On October 10, 2007, plaintiff made a letter request for reconsideration of that decision, which was inadvertently not docketed at that time. (Docket # 114). When plaintiff raised those issues again in a March 4, 2009 letter to this Court, counsel for defendants again opposed the production of the requested records on the grounds of relevance. By letter to plaintiff and counsel for defendants dated May 6, 2009, this Court indicated its view that the requested call-out sheet was relevant, but the diagram of B-Block yard and Sergeant Wilson's report were not. Rather than file a motion to compel the production of the diagram and Wilson's report, plaintiff requested that his earlier October 10, 2007 letter be considered a motion for reconsideration of my earlier rulings. In accordance with plaintiff's

request, his October 10, 2007 letter has been docketed as a motion for reconsideration of my September 25, 2007 order. (Docket # 114). The following constitutes my decision on plaintiff's reconsideration motion.

"The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). If the moving party presents no legal authority or facts that the court failed to consider, then the motion to reconsider should be denied. *Id*. ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

Plaintiff has not alleged any new facts or law regarding his request for a to-scale diagram of B-Block yard, but rather has repeated his argument that the diagram is needed in order for him to prove his whereabouts during a fight between inmates in the yard that preceded his alleged assault. As I explained in my previous decision, the plaintiff may prepare and offer his own diagram in order to illustrate where he was positioned at the time of the relevant events. In this case, I find that defendants' legitimate security needs outweigh plaintiff's need for an official to-scale diagram. Accordingly, I decline to reconsider that ruling.

Although plaintiff has offered a more detailed explanation for his request for Sergeant Wilson's report of the stabbing of an inmate named Burns by other inmates, I do not find that it justifies reconsideration of my earlier decision. Specifically, plaintiff seeks Wilson's report in order to contest defendant Conway's denial of knowledge that Burns set fire to plaintiff's prison cell at the behest of the Attica administration. Plaintiff contends that Wilson's

report will show (1) a connection between the fire in plaintiff's cell and the stabbing of Burns and (2) Conway's knowledge of the cell fire. I find that plaintiff's contention as to what the report may show is too speculative to warrant its production. In this case, plaintiff has filed claims for excessive use of force regarding an alleged assault against him on December 4, 2002, and for retaliation for his participation on the inmate liaison committee. (Docket # 1). The complaint contains no allegations regarding the cell fire. Accordingly, I decline to reconsider my earlier decision.[1]

For the reasons stated above, plaintiff's motion to reconsider my September 25, 2007 decision and order **(Docket # 114)** is **DENIED**.

**IT IS SO ORDERED.**

                                                                     *s/Marian W. Payson*
                                                                       MARIAN W. PAYSON
                                                                 United States Magistrate Judge

Dated: Rochester, New York
        July   1  , 2010

---

[1] In my May 6, 2009 letter to plaintiff and defendants' counsel, I communicated my view that plaintiff had established the relevance of the call-out sheet for January 31, 2002. Although the record is silent on the issue of whether it was produced to plaintiff following that letter, I assume that it was since plaintiff has not raised the issue in any subsequent letters to or filings with the Court.