# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

FREDERICK DIAZ,

          Plaintiff,

-v-                                                        DECISION AND ORDER

COMMISSIONER GLEN S. GOORD, et al.,          04-CV-6094-CJS-MWP

          Defendants.

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Frederick Diaz, *pro se* |
| | 86-B-2129 |
| | Great Meadow Correctional Facility |
| | Box 51 |
| | Comstock, NY 12821-0051 |
| For Defendants: | Gary M. Levine, A.A.G. |
| | New York State Office of the Attorney General |
| | 144 Exchange Boulevard, Suite 200 |
| | Rochester, NY 14614 |

## INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983, in which Plaintiff, a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that Defendants, all employees of DOCS, violated his federal constitutional rights. Now before the Court are two motions: (1) Defendants' second motion for summary judgment (Docket No. 99); and (2) Plaintiff's cross-motion (Docket No. 106) also for summary judgment. For the reasons that follow, Defendants' motion for summary judgment is granted and Plaintiff's cross-motion is denied.

## BACKGROUND

Viewing the evidence presented on these motions in the light most favorable to the non-moving party for each particular application, the following are the relevant facts. In a decision and order entered on March 21, 2006 (Docket No. 27), the Court granted, in part, Defendants' motion to dismiss, and accordingly dismissed Plaintiff's First Amendment complaint alleging that Defendants confiscated his atheist pendant upon admission to the Special Housing Unit ("SHU") as well as Defendants' subsequent refusal to return[1] the pendant to him upon his release from SHU. In letters to the Court in May and July 2006, Plaintiff asked the Court to reconsider its decision, this time under a due process analysis. The Court set a briefing schedule for reconsideration and after reviewing the papers submitted in support of the application, and having received no opposition to Plaintiff's reconsideration request, and affording Plaintiff's complaint the liberal reading due for pleadings filed by *pro se* litigants, the Court determined that the Second cause of action did raise Equal Protection and Due Process claims. Decision and Order, *Diaz v. Commissioner Glen S. Goord*, 04-CV-6094 (W.D.N.Y. Jun. 11, 2008).

Moreover, Plaintiff brought a civil action in New York State Supreme Court, seeking return of his atheist pendant, and on June 6, 2003, that court issued the following decision:

> MEMORANDUM AND JUDGMENT
>
> By petition pursuant to Article 78 of the CPLR verified on November 30, 2002, Frederick Diaz seeks the return of a pendant which he alleges to have been improperly seized by prison officials. Petitioner appeared in support of the petition with counsel assigned by an order to show cause dated January 21, 2003. Respondent requests that the petition be denied upon the answer dated March 27, 2003 and affidavits of Patricia Priestley, sworn to on March

---

[1] Defense counsel represents that the pendant has been placed in Plaintiff's property and will be returned to him upon his release from DOCS' custody. (Def.s' Mem. of Law (Docket No. 104) at 2.)

28,2003, and Clement Sweeney, sworn to on April 1, 2003. Petitioner has submitted further exhibits in support of his claims pursuant to the April 29, 2003 letter from his attorney.

Prison officials have broad discretion in restricting the possession of property and defining what items may be prohibited as contraband (*see Matter of Slades v. Twomey*, 159 A.D.2d 868 [1990]; *Matter of Marcelin v. Coughlin*, 193 A.D.2d 981 [1993]). Respondent has exercised its discretion to seize the petitioner's pendant due to security concerns. Petitioner has been unable to produce a special permit for the pendant under Department of Correctional Services Directive No. 4202(N). Thus, he has failed to show that his grievance was improperly denied or any grounds for judicial interference in this administrative matter (*see Matter of Wilson v. State of New York Department of Correctional Services*, 261 A.D.2d 670 [1999], *appeal dismissed* 93 N.Y.2d 1039; *Matter of Cliff v. Eagen*, 272 A.D.2d 687 [2000]; *Hewitt v. Helms*, 459 U.S. 460 [1983]).

NOW, THEREFORE, it is hereby

ORDERED that the petition is denied.

(*In re Diaz v. Goord*, No. 19,631 (N.Y. Sup. Ct. Jun. 30, 2003) (Levine Decl. (Docket No. 100) Ex. A, at 4).)

Following additional discovery in this case, Defendants filed their pending motion for summary judgment on August 18, 2008, and then on August 25, 2008, Plaintiff filed his cross-motion, also for summary judgment. In their papers, Defendants present the following grounds for judgment on Plaintiff's new Equal Protection and Due Process causes of action: (1) the claims are made outside the limitations period for a § 1983 action; (2) Plaintiff's complaint should be limited in scope by the scope of the grievance; (3) Plaintiff's Equal Protection and Due Process claims are barred by collateral estoppel, or res judicata, or both; Plaintiff's claims are barred by the *Rooker-Feldman* doctrine in light of the prior New York State decision; (4) Commissioner Goord is not personally involved; (5) the Equal Protection and Due Process claims should be dismissed on their merits; and (6) Defendants are entitled to qualified immunity. Plaintiff counters, in his motion, that Defendants had no

just cause for confiscating his pendant and that they disregarded the proper procedure for doing so (DOCS Directive #4022), and therefore maintains, citing *Shakur v. Selsky*, 391 F.3d 106 (2d Cir. 2004), that the Defendants were not acting pursuant to a proper penalogical objective.

## STANDARD OF LAW

At the outset, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

"[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

In their Notice of Motion, Defendants included the following language:

> **PLEASE NOTE** that pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon your complaint but you must respond, by affidavits or as otherwise provided in that rule, setting forth specific facts showing that there is a genuine issue of material fact for trial. Any factual assertions arising out of the exhibits attached to defendant's counsel's affidavit will be accepted by the District Judge as being true unless you submit affidavits or other documentary evidence contradicting those assertions. If you do not so respond, summary judgment, if appropriate, may be entered against you. If summary judgment is granted against you, your case will be dismissed and there will be no trial.
>
> **NOTE** also that Local Rule 56 of the Western District of New York requires that you must include a separate short and concise statement of any material facts as to which you contend there exists a genuine issue. In the absence of such a statement, all material facts set forth in defendant's Rule 56 Statement will be deemed admitted.

(Def.s' Notice of Motion (Docket No. 99), at 1–2.) This language complies with the requirements of *Irby v. N.Y. City Transit Auth.*, 262 F.3d 412 (2d Cir. 2001).

## ANALYSIS

As the evidentiary proof before the Court makes clear, the New York State Supreme Court entered a judgment against Plaintiff concluding that DOCS "exercised its discretion to seize the petitioner's pendant due to security concerns" and that he was "unable to produce a special permit for the pendant under Department of Correctional Services Directive No. 4202(N). Thus, Plaintiff has failed to show that his grievance was improperly denied or any basis for judicial interference in this administrative matter." (*In re Diaz v. Goord*, No. 19,631 (N.Y. Sup. Ct. Jun. 30, 2003) (Levine Decl. (Docket No. 100) Ex. A, at 4).) Plaintiff's detailed petition before the New York court laid out the same allegations he has presented in this Court with regard to his having had a permit for the pendant, but that the permit was never filed, and that DOCS refused to issue a new permit for the pendant

citing security reasons. He raised before the New York court the issue now raised in his cross-motion for summary judgment—"the confiscation of my pendant was done in complete violation of Directive #4202, Section N-1...." (Article 78 Petition (Levine Decl. (Docket No. 100) Ex. A, at 8) ¶ 26.) Although that Directive relates to invalidating an already issued permit, it appears from the judgment of the New York court that Plaintiff did not have a permit on file for his pendant and this fact was discovered when the pendant was confiscated as Plaintiff entered SHU.

Consequently, in commencing the Federal lawsuit on March 8, 2004, approximately eight months after the State court decision, Plaintiff is, in effect, challenging the New York State court's judgment. In that regard, under the *Rooker-Feldman* doctrine, a plaintiff may not initiate a federal court action that: (1) directly challenges a state court holding or decision; or (2) indirectly challenges a state court holding or decision by raising claims in federal court that are inextricably intertwined with the state court judgment, even if the claim is that the state court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198-200 (2d Cir. 1996); *Smith v. Wayne Weinberger P.C.*, 994 F. Supp. 418, 423 (E.D.N.Y.1998).*Dockery v. Cullen & Dykman*, 90 F. Supp. 2d 233, 236 (E.D.N.Y. 2000). The Supreme Court made clear in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), that only *it* can entertain a direct appeal from a state court judgment. Further, in *Feldman*, 460 U.S. at 483 n.3, the Supreme Court stated that federal courts do not have jurisdiction over claims that are inextricably intertwined with state court determinations.

In the present lawsuit, Plaintiff essentially contends that the State court judgment is in error. He does not, though, contest that the State court had jurisdiction over the matter

when it rendered its judgment. In this posture, the Supreme Court's opinion in *Rooker* is on all fours with the situation before the Court now:

> It affirmatively appears from the bill that the judgment was rendered in a cause wherein the circuit court had jurisdiction of both the subject-matter and the parties, that a full hearing was had therein, that the judgment was responsive to the issues, and that it was affirmed by the Supreme Court of the state on an appeal by the plaintiffs. 191 Ind. 141, 131 N. E. 769. If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication…. Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. Judicial Code, § 237, as amended by Act Sept. 6, 1916, c. 448, § 2, 39 Stat. 726 (Comp. St. § 1214). To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original. Judicial Code, § 24 (Comp. St. § 991).

*Rooker*, 263 U.S. at 415-16. Here, Plaintiff did appeal the State court decision to the Appellate Division, Fourth Judicial Department, and on June 14, 2004, that court entered an order stating "It is hereby ORDERED that the judgment so appealed from be and the same hereby is unanimously affirmed without costs." *Matter of Diaz v. Goord*, 8 A.D.3d 1131 (N.Y. App. Div. 4th Dept. 2004). On October 19, 2004, the New York State Court of Appeals denied Plaintiff's motion for leave to appeal. *Matter of Diaz v. Goord*, 3 N.Y.3d 609 (2004).

Accordingly, although the Court liberally interpreted Plaintiff's complaint as raising Equal Protection and Due Process claims, the Court now determines on the basis of the evidentiary proof submitted by Defendants on this motion that Plaintiff, through this lawsuit, is essentially attempting to obtain a writ of certiorari for review of the State court decision by filing a civil rights action in this Court. As was the case in 1923 when *Rooker* was

decided, only the Supreme Court has jurisdiction to hear an appeal from a state court action in which an appellant claims a constitutional violation, 28 U.S.C. § 1257 n5 (1988), and the district courts have original jurisdiction, not appellate jurisdiction, 28 U.S.C. § 1331 (1980).

## CONCLUSION

For the reasons stated above, Plaintiff's cross-motion (Docket No. 106) is denied, and Defendants' motion (Docket No. 99) is granted on the ground that Plaintiff's lawsuit is barred by the *Rooker-Feldman* doctrine. The Clerk is directed to enter judgment for Defendants and close this case.

Dated: September 29, 2010
       Rochester, New York

       Enter:       /s/ Charles J. Siragusa
                           CHARLES J. SIRAGUSA
                           United States District Judge