UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FREDERICK DIAZ,

                                                Plaintiff,

-vs-                                    DECISION AND ORDER

COMMISSIONER GLEN S. GOORD, et al.,        04-CV-6094 CJS

                                            Defendants.

## APPEARANCES

For Plaintiff:                    Frederick Diaz, 86-B-2129, *pro se*
                                       Great Meadow Correctional Facility
                                       Post Office Box 51
                                       Comstock, New York 12821-0051

For Defendants:              Gary M. Levine, A.A.G.
                                       New York State Attorney General's Office
                                       144 Exchange Boulevard, Suite 200
                                       Rochester, New York  14614

## INTRODUCTION

**Siragusa, J.** This matter, concerning the confiscation of Plaintiff's atheist pendent, is back before the Court on Plaintiff's letter motion, dated October 4, 2010, ECF No. 121, for reconsideration of the Court's Decision and Order, ECF No. 119 (Sept. 29, 2010), which granted Defendants' motion for summary judgment and denied Plaintiff's cross-motion for summary judgment, pursuant to which the Clerk entered judgment for Defendants and closed the case. Plaintiff contends that the Court left undecided one of his pending summary judgment motions, as well as his objections to United States Magistrate Judge Marian W. Payson's Report and Recommendation, ECF No. 53 (Sept. 20, 2006). Further, Plaintiff contends that the Court, in deciding to grant summary judgment based on the

*Rooker-Feldman* doctrine, overlooked facts presented in his Opposition to Defendants' Motion for Summary Judgment, ECF NO. 109 (Sept. 18, 2008), specifically pages five through seven, concerning Defendants' argument that the *Rooker-Feldman* doctrine[1] applied to this lawsuit. For the reasons stated below, the Court denies Plaintiff's application.

## BACKGROUND

The Court set out a detailed history of this case in its Decision and Order, ECF No. 119 (Sept. 29, 2010), which it will not repeat in full here. *Diaz v. Goord*, No. 04-CV-6094-CJS-MWP, 2010 U.S. Dist. LEXIS 103150 (W.D.N.Y. Sept. 29, 2010). On September 20, 2006, Judge Payson, to whom this case was referred for all non-dispositive motions, filed a Report and Recommendation, ECF No. 53, recommending that Plaintiff's motion for leave to file a supplemental complaint, ECF No. 24, be denied. Plaintiff filed objections, ECF No. 57, on October 6, 2006, and on November 16, 2006, the Court filed a Decision and Order, ECF No. 65, adopting Judge Payson's Report and Recommendation.

## STANDARDS OF LAW

As the Fifth Circuit has recognized,

> [t]here is no motion for "reconsideration" in the Federal Rules of Civil Procedure. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). However, a motion for reconsideration filed within ten days of the district court's judgment is construed as a Rule 59(e) motion that suspends the time for filing a notice of appeal. *See id.*

*Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## ANALYSIS

First, as to Plaintiff's contention that the Court never ruled on his objections to Judge Payson's Report and Recommendation, the docket shows that the Court's Decision and Order of November 16, 2006, ECF No. 65, adopted Judge Payson's recommendation that Plaintiff's motion to file a supplemental complaint be denied.

Second, as to a pending summary judgment motion, the Court's review of the docket shows no outstanding motion. The Court's September 29, 2010, Decision and Order addressed two summary judgment motions:

> Now before the Court are two motions: (1) Defendants' second motion for summary judgment (Docket No. 99); and (2) Plaintiff's cross-motion (Docket No. 106) also for summary judgment. For the reasons that follow, Defendants' motion for summary judgment is granted and Plaintiff's cross-motion is denied.

*Diaz*, 2010 U.S. Dist. LEXIS 103150, *1.

Third, with regard to pages five through seven of his Opposition, Plaintiff argued that Defendants were estopped from raising the *Rooker-Feldman* doctrine.[2] Pl.'s Opposition to Defendants' Motion for Summary Judgment, ECF No. 109 (Sept. 18, 2008), at 5. He

---

[2] Plaintiff also argued that Defendants' were estopped from raising collateral estoppel and res judicata, but the Court's decision did not rely on those doctrines.

contended that since he raised all the facts of his prior New York State Article 78 proceeding in the complaint, and because Defendants did not raise *Rooker-Feldman* doctrine, collateral estoppel and res judicata in their answer, they were estopped from raising such arguments in their motion papers, as all three doctrines are affirmative defenses that must be plead, or they are waived. *Id*. He further argued that he did not have a full and fair opportunity to litigate the issue "in the prior proceeding due to the State Court's bias against him, as the court was simply not interested in hearing anything that plaintiff had to say. This is evidenced by the court's decision." *Id*. at 5–6. His opposition continues to describe how the state court judge ignored his proof in coming to the wrong decision with regard to the confiscation of Plaintiff's atheist pendent.

With regard to the argument that the three doctrines, *Rooker-Feldman*, collateral estoppel and res judicata, are affirmative defenses, which Defendants waived by not raising them in their answers, Plaintiff is only partially correct. While collateral estoppel and res judicata are affirmative defenses that must be raised, or are considered waived, *Rooker-Feldman* is not. *Harris v. New York State Dept. of Health*, 202 F. Supp. 2d 143, 160 (S.D.N.Y. 2002). "A challenge under the *Rooker-Feldman* doctrine is for lack of subject matter jurisdiction..., and may be raised at any time by either party or *sua sponte* by the court..." *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir.1996) (citations omitted), *abbrogated on other grounds as recognized in Hoblock v. Albany County Bd. of Elections*, 432 F.3d 77, 85 (2d Cir. 2005).

Further elaborating on the application of *Rooker-Feldman*, the Second Circuit's decision in *Hoblock*, discussed the Supreme Court's decision in *Exxon Mobil*, 544 U.S.,

and the Second Circuit stated:

> In *Exxon Mobil*, the Supreme Court pared back the *Rooker-Feldman* doctrine to its core, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at —, 125 S. Ct. at 1521-22. From this holding, we can see that there are four requirements for the application of *Rooker-Feldman*. First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invit[e] district court review and rejection of [that] judgment[ ]…." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"—*i.e.*, *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation. The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive.

*Hoblock*, 422 F.3d at 85.

Here, Plaintiff's litigation in state court was completed by the time of this lawsuit. Compl., ECF No. 1 (Mar. 8, 2004), ¶¶ 18–19. The complaint in Federal court raised the same issues raised in Plaintiff's unsuccessful Article 78 proceeding. *Compare* Compl., ECF. No. 1, ¶ 67 ("When plaintiff wrote to the Inmate Records Coordinator requesting that his pendant be returned, he was informed by the Legal Officer that his pendant would not be returned because it was suddenly being consi[]dered to be a 'potential weapon.'") *with* Petition, ECF No. 100, at 14 ¶ 10 ("I subsequently wrote to the Head Clerk's Office requesting that my pendant and chain be returned. However, instead of having it returned, I received a note from the Legal Officer informing me that my pendant would not be returned since it was being considered as a potential weapon.") *and* Memorandum and Judgment, *In re Diaz v. Goord*, No. 19,631 (N.Y. Sup. Ct. Jun. 6, 2003), ECF No. 100, at 10 ("Respondent has exercised its discretion to seize the petitioner's pendant due to

security concerns."). Plaintiff's second claim was an invitation to this Court to review and reject that decision. As such, the *Rooker-Feldman* doctrine applies.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's application to reconsider its prior Decision and Order dated September 29, 2010, ECF No. 119.

IT IS SO ORDERED,

Dated: November 30, 2011
Rochester, New York

ENTER.

_____
CHARLES J. SIRAGUSA
United States District Judge